CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DURWIN EVANT BONDS, JR., )<br>Plaintiff, ) | Case No. 7:23-cv-00583 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al., ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

Plaintiff Durwin Evant Bonds, Jr., a state inmate proceeding pro se, filed this action against the former Director of the Virginia Department of Corrections and multiple individuals employed at Red Onion State Prison (Red Onion). Bonds claims that his constitutional rights were violated while he was incarcerated at that facility. He alleges, among other claims, that he was subjected to excessive force after engaging in a hunger strike in response to being denied water necessary to cook his sealed religious meals. The case is presently before the court on Bonds's motion for preliminary injunctive relief. ECF No. 15. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. Additionally, because the purpose of preliminary injunctive relief is to "preserve the status quo and prevent irreparable harm until the court has

an opportunity to rule on the lawsuit's merits," a plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997).

Applying these principles, the court concludes that Bonds's motion for preliminary injunctive relief must be denied. The motion does not address any of the requirements set forth in Winter, much less make a "clear showing" as to each requirement. Winter, 555 U.S. at 22. Additionally, at the time the motion was filed, Bonds had been transferred to Wallens Ridge State Prison (Wallens Ridge), and the motion focuses largely on unrelated actions that occurred there, including the denial of grievance forms, the use of force by a Wallens Ridge officer, and the use of restrictive housing as a form of punishment. As noted above, the instant action stems from incidents that occurred at Red Onion. New assertions of mistreatment, which are unrelated to the claims asserted in the operative complaint, "cannot provide the basis for a preliminary injunction in this lawsuit." Devose, 42 F.3d at 471.

Finally, the record reflects that Bonds was recently transferred to Sussex I State Prison. Consequently, it appears that any request for injunctive relief specific to Wallens Ridge has been rendered moot. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.").

For these reasons, it is hereby **ORDERED** that Bonds's motion for preliminary injunctive relief, ECF No. 15, is **DENIED**. The Clerk is directed to send a copy of this order to Bonds.

It is so **ORDERED**.

Entered: May 3, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.05.03 13:34:25
-04'00'

Michael F. Urbanski
Chief United States District Judge