CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DURWIN EVANT BONDS, JR., | ) |
|     Plaintiff, | )    Case No. 7:23-cv-00583 |
| | ) |
| v. | ) |
| | )    By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al., | )    Senior United States District Judge |
|     Defendants. | ) |

## ORDER

Plaintiff Durwin Evant Bonds, Jr., a state inmate proceeding pro se, filed this action against the former Director of the Virginia Department of Corrections (VDOC) and multiple individuals employed at Red Onion State Prison (Red Onion). Bonds claims that his constitutional rights were violated while he was incarcerated at that facility. The case is presently before the court on Bonds's motion for relief under the Freedom of Information Act and for a writ of mandamus or prohibition. ECF No. 33. For the following reasons, the motion is **DENIED**.

The pending motion first seeks to compel the defendants to provide certain information under the Freedom of Information Act (FOIA), including the "chain of command" at facilities that produce kosher meals for the VDOC and "verification and/or proof" that the VDOC has been approved as a "licensed kosher distributor" by the United States Food and Drug Administration. Id. at 1–2. To the extent that Bonds seeks relief under the federal FOIA statute, it "applies only to federal agencies" and not to state agencies or state employees. Main St. Legal Servs. v. NSC, 811 F.3d 542, 545 (2d Cir. 2016) (citing 5 U.S.C. § 551(1) (defining "agency" to include "each authority of the Government of the United

States," subject to certain exceptions)). To the extent that Bonds seeks relief under the Virginia FOIA statute, it specifically excludes incarcerated persons from having any right to receive information under the statute. See Va. Code Ann. § 2.2-3703(C) ("No provision of this chapter . . . shall be construed to afford any rights to any person (i) incarcerated in a state, local or federal correctional facility . . . ."). Consequently, the request for relief under FOIA must be denied.

The pending motion also requests a "writ of mandamus and/or writ of prohibition" pertaining to events that allegedly occurred at Sussex I State Prison, where Bonds is presently incarcerated. ECF No. 33 at 2. A party seeking a writ of mandamus must show that "his right to the issuance of the writ is clear and indisputable." Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 433 (4th Cir. 2005). It is well settled that federal courts do not have authority to grant mandamus relief against state officials. Gurley v. Superior Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). Consequently, the relief sought by Bonds is "not available by way of mandamus," and his request for such relief must be denied. In re Matousek, 857 F. App'x 841, 842 (4th Cir. 2021).

Finally, to the extent that the motion could be construed as a motion for preliminary injunctive relief, the motion must be denied. The instant action stems from incidents that allegedly occurred at Red Onion in July 2023, while the pending motion complains of misconduct by correctional officials at Sussex I State Prison. New assertions of mistreatment, which are unrelated to the claims asserted in the complaint, "cannot provide the basis for a preliminary injunction in this lawsuit." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); see also Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ("[A]

preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.").

For these reasons, it is hereby **ORDERED** that Bonds's motion for relief under the Freedom of Information Act and for a writ of mandamus or prohibition, ECF No. 33, is **DENIED**. The Clerk is directed to send a copy of this order to Bonds.

It is so **ORDERED**.

Entered: January 28, 2025

Mike Urbanski
Senior U.S.District Judge
2025.01.28 12:47:40
-05'00'

Michael F. Urbanski
Senior United States District Judge