CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Durwin Evant Bonds, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:23-cv-00583 |
| | ) | |
| Rick White *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Durwin Evant Bonds, Jr., a Virginia inmate acting *pro se*, filed this action under 42 U.S.C. § 1983 against multiple individuals employed at Red Onion State Prison ("ROSP"). Bonds alleges, among other claims, that various defendants used excessive force against him during a cell extraction at ROSP in July 2023. (Second Am. Compl. (Dkt. 138).) On September 16, 2026, the court issued a memorandum opinion and order granting in part and denying in part Defendants' motions to dismiss Bonds' Second Amended Complaint. (Dkts. 211, 212.) Bonds moves to reconsider that order. (Dkt. 224.) Bonds has also filed a motion for leave to file another amended complaint. (Dkt. 222.) These motions will be denied for the reasons stated below.

## I. Background

The court's opinion and order dated September 16, 2026, addressed a motion to dismiss filed by a group of defendants (the "Correctional Defendants") and a separate motion

to dismiss filed by Nurse Jessee. (Dkts. 153, 158.) The court dismissed the following claims: (1) any claim for damages against Defendants in their official capacities; (2) Bonds' claim against Nurse Jessee for excessive force; (3) Bonds' claims for deliberate indifference against the Correctional Defendants stemming from being denied boiling water and temporarily placed in a dry cell; (4) Bonds' claim for deliberate indifference to serious medical needs against Nurse Jessee; (5) Bonds' due process claims; (6) Bonds' First Amendment free exercise claims; (7) Bonds' Fourth Amendment claims; (8) Bonds' claims for intentional infliction of emotional distress, negligence, and medical malpractice against Nurse Jessee; and (9) Bonds' claims for intentional infliction of emotional distress. (*See* Sep. 16, 2026 Mem. Op. (Dkt. 211).) The court explained that the case would proceed on claims of excessive force, retaliation, disability discrimination, and assault and battery asserted against the Correctional Defendants, and claims of retaliation and disability discrimination against Nurse Jessee. (Sep. 16, 2026 Order (Dkt. 212).)

## II. Analysis

### A. Rule 54(b) Motion for Reconsideration[1]

Motions for reconsideration of an interlocutory order are governed by Rule 54(b) of the Federal Rules of Civil Procedure. This rule provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any

[1] The court notes that Bonds has also filed a notice of appeal. (Dkt. 225.) The Fourth Circuit Court of Appeals has indicated that it considers Bonds' motion for reconsideration to be a motion that tolls the period to file a notice of appeal under Fed. R. App. P. 4(a)(4). (Dkt. 229.) Thus, the court has jurisdiction to consider Bonds' motion because the notice of appeal becomes effective "when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

time" before entry of a final judgment. Fed. R. Civ. P. 54(b). The power to reconsider interlocutory orders is "committed to the discretion of the district court," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), but the court's discretion "is not limitless," *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017), and "[s]uch motions . . . should be granted sparingly," *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation omitted). While a Rule 54(b) motion is "not subject to the strict standards applicable to motions for reconsideration of a final judgment" or final order under Rule 60(b), *Am. Canoe Ass'n*, 326 F.3d at 514, courts in this district have generally limited the grounds for reconsideration to "(1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Wootten*, 168 F. Supp. at 893.

Bonds requests reconsideration of the court's dismissal of his First Amendment Free Exercise Clause claim. In this claim, Bonds alleged that Defendants violated his rights by not giving him boiling water with his Sealed Religious Diet (SRD) meals. (Second Am. Compl. ¶¶ 26, 31–35.) The court dismissed this claim because Bonds did not identify "any practice or policy that places a substantial burden on his ability to practice his religion." (Sep. 16, 2026 Mem. Op. at 22.) Bonds' motion cites to policies that "requires staff to provide water that is sufficiently hot enough to cook raw food items . . . ." (Dkt. 224 at 1.) But he still does not explain why he needs boiling water to practice his particular religious beliefs. In the absence of any relevant grounds for reconsideration, the court will deny this motion.

**B. Motion for Leave to File an Amended Complaint**

Rule 15(a)(2) encourages courts to "freely give leave" to amend "when justice so

requires." Fed. R. Civ. P. 15(a)(2). A motion to amend "should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). The court may also "use its discretion to deny leave to amend for other reasons consistent with what justice so requires," such as "undue delay" and "repeated failure to cure deficiencies." *United States v. Dominion Care Day Treatment, LLC*, Civil Action No. 7:21-cv-00420, 2026 WL 3206932, at *5 (W.D. Va. Oct. 26, 2026) (citing *Sysco Mach. Corp. v. DCS USA Corp.*, 143 F.4th 222, 231 (4th Cir. 2025)).

Bonds' motion explains that he "researched uncovered issues with the filing of complaint amended, and has now raised discrimination claims and amended his due process, retaliation, cruel and punishment, deliberate indifference, and freedom of religion and speech claim, including lcaims for relief and relief sought." (Dkt. 222 at 1.) It appears that Bonds' motion was not actually docketed until October 1, 2026, even though it was received by the Clerk of Court prior to the court's September 16, 2026 ruling. (*See id.*) In order to avoid any confusion about the status of claims in this case going forward, the court finds that the interests of justice require denying Bonds' motion for leave to amend. Because the court's September 16, 2026 opinion may be relevant to any additional facts or claims that Bonds wishes to allege, it is in the interest of judicial economy to deny his pending motion for leave to amend without prejudice to any future attempt by Bonds to file a amended complaint with the benefit of the court's reasoning.[2] Bonds is free to file a motion for leave to amend, with the benefit of the court's September 16, 2026 opinion, by December 17, 2026.

---

[2] The court recently entered a Scheduling Order with a deadline of December 17, 2026, for filing motions to amend pleadings. (Dkt. 233.)

## III. Conclusion and Order

For the reasons stated in this opinion, it is **ORDERED** that Bonds' motion for reconsideration (Dkt. 224) is **DENIED**, and his motion for leave to amend (Dkt. 222) is also **DENIED**. The Clerk is directed to transmit a copy of this order to Bonds and to counsel for Defendants.

**ENTERED** this 5th day of November, 2026.



HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE